# JS - 6   **PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 14-00086-VAP (DTBx)                      Date:  January 22, 2014

Title:   FEDERAL NATIONAL MORTGAGE ASSOCIATION, A/K/A FANNIE MAE -v- FIDEL PADUA; DOES 1 TO 10, INCLUSIVE
=================================================================
PRESENT:   HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                None Present
    Courtroom Deputy          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

    None                                   None

PROCEEDINGS:   MINUTE ORDER REMANDING ACTION TO CALIFORNIA SUPERIOR COURT, SAN BERNARDINO COUNTY (IN CHAMBERS)

    On November 18, 2013, Federal National Mortgage Association A/K/A Fannie Mae ("Fannie Mae") ("Plaintiff") filed a Complaint for Unlawful Detainer ("Complaint") against Defendant Fidel Padua.  (See Ex. A to Not. of Removal (Doc. No. 1).)  On January 14, 2014, Defendant Fidel Padua ("Padua") ("Defendant"), appearing pro se, removed the action to this Court on the basis of Fannie Mae's association with the government, diversity jurisdiction (28 U.S.C. § 1332), and civil rights case jurisdiction (28 U.S.C. § 1443(a)).

    Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles,

EDCV 14-00086-VAP (DTBx)
FEDERAL NATIONAL MORTGAGE ASSOCIATION, A/K/A FANNIE MAE v. FIDEL PADUA; DOES 1 TO 10, INCLUSIVE
MINUTE ORDER of January 22, 2014

Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Defendant alleges the basis for removal is civil rights cases jurisdiction, 28 U.S.C. § 1443. From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (holding that a defendant may not remove a case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint). Without a civil rights action, there is no federal jurisdiction under section 1443. The notice of removal appears to allege a violation of civil rights 42 U.S.C. § 1983 counterclaim based on alleged racial discrimination, however, federal jurisdiction cannot rest upon an actual or anticipated counterclaim or defense. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009).

Defendant also alleges the basis for removal is diversity jurisdiction, 28 U.S.C. § 1332. From the face of the Complaint, however, Defendant does not meet the amount in controversy requirements for diversity jurisdiction. See 28 U.S.C. § 1332(a). On the face of the Complaint, the amount in controversy for the unlawful detainer action, which is the only action being removed, is less than $10,000. (See Ex. A to Not. of Removal.) Accordingly, the amount in controversy does not exceed the sum or value of $75,000. To the extent Defendant argues that the value of the property should be considered because the unlawful detainer is a result of a wrongful foreclosure, the Court notes that wrongful foreclosure is a counterclaim, and federal jurisdiction may not be determined based on actual or anticipated counterclaims.

Defendant further asserts the Court has jurisdiction because Fannie Mae is a "government sponsored enterprise and engages with the Federal Housing Administration." The governing statutes do not confer federal subject matter jurisdiction

**EDCV 14-00086-VAP (DTBx)**
**FEDERAL NATIONAL MORTGAGE ASSOCIATION, A/K/A FANNIE MAE v. FIDEL PADUA; DOES 1 TO 10, INCLUSIVE**
**MINUTE ORDER of January 22, 2014**

on all actions involving Fannie Mae. See <u>Fed. Nat. Mortgage Ass'n. v. De-Savineau</u>, 2010 WL 3397027 (C.D. Cal. Aug. 25, 2010) (remanding unlawful detainer action brought by Plaintiff Fannie Mae for lack of subject matter jurisdiction).

Accordingly, the Court REMANDS this matter to the California Superior Court for the County of San Bernardino.

**IT IS SO ORDERED.**